JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ramona Lopez

## DEFENDANTS
David Cordova and The Bureau of Land Management, United States Department of the Interior

**(b)** County of Residence of First Listed Plaintiff  Sandoval
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Sandoval
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cloyd G. Hinkle/Warren F. Hire, II
Hinkle Law Offices, P.C., 3939 San Pedro, N.E., Building A
Albuquerque, NM 87110  505/883-4357

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question  *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FTCA, 28 U.S.C. Sec. 1346(b), 28 U.S.C. Sec. 2671, and 28 U.S.C. Sec. 1331
Brief description of cause:
Complaint to Recover Damages for Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  08/15/2013
SIGNATURE OF ATTORNEY OF RECORD  /s/ Warren F. Hire II

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RAMONA LOPEZ,**

    **Plaintiff,**

vs.                                   No. _____

**DAVID CORDOVA and**
**THE BUREAU OF LAND MANAGEMENT,**
**UNITED STATES DEPARTMENT OF**
**THE INTERIOR,**

    **Defendant.**

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

Plaintiff RAMONA LOPEZ, by and through counsel, Hinkle Law Offices, P.C. (Cloyd G. Hinkle and Warren F. Hire, II), for her Complaint against the Defendants, states as follows:

1. Plaintiff brings this action seeking damages for personal injury caused by a motor vehicle accident occurring on September 5, 2012, in Sandoval County, State of New Mexico.

## PARTIES

2. Plaintiff Ramona Lopez is a resident of Sandoval County, State of New Mexico.

3. Upon information and belief, at all times material hereto, Defendant David Cordova (hereinafter "Defendant Cordova"), was a resident of Sandoval County, State of New Mexico, and an employee of Defendant The Bureau of Land Management, United States Department of the Interior.

4. Defendant The Bureau of Land Management (hereinafter "Defendant BLM"), is an agency of the United States Department of the Interior, which is charged by various federal laws with the management of Federal public lands.

## FEDERAL COURT JURISDICTION UNDER THE
## FEDERAL TORT CLAIMS ACT

5. Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions fo the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b), 28 U.S.C. §2671 et seq., and 28 U.S.C. §1331. The FTCA vests the court with exclusive jurisdiction of Plaintiff's claims against Defendant BLM for the negligent acts and omissions of its employees.

## FACTS

6. On September 5, 2012, at approximately 9:05 a.m., Plaintiff was driving her 2011 Chevrolet Malibu eastbound on U.S. Highway 550 in Sandoval County, State of New Mexico. She stopped for a red traffic signal at Hill Road.

7. At the same time and place, Defendant Cordova, driving a 2008 Ford F550 Super Duty truck hauling a flatbed trailer, belonging to Defendant BLM, was also eastbound on U.S. Highway 550, directly behind the Plaintiff, when he alleges he stepped on the brakes but the BLM vehicle would not stop, and he rear ended the Plaintiff's vehicle.

8. Plaintiff suffered injuries in the accident.

## COUNT I
## NEGLIGENCE

9. Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

10. Defendant BLM is legally responsible for the negligent actions of its employees, including Defendant Cordova, while employees are performing job duties for, or in furtherance of, the interests of the employer.

11. Defendant Cordova was an employee of the BLM at the time of the accident occurring on September 5, 2012.

12. Defendant Cordova had a duty to exercise reasonable care in the operation of Defendant BLM's vehicle. Defendant Cordova breached that duty.

13. Defendants further owed a duty of care to maintain and operate their vehicle in a safe manner and in compliance with all safety rules, including statutes, rules and regulations governing the operation and maintenance of vehicles, upon New Mexico roadways.

14. Defendants breached their duty of care by maintaining and/or operating their vehicle in a manner that was negligent, including but not limited to:

   a. Following too closely;

   b. Failure to operate the vehicle in a safe and reasonable manner;

   c. Failing to exercise due care in the maintenance of the vehicle; and

   d. Failure to ensure that Defendant Cordova was knowledgeable and skilled in emergency maneuvers and vehicle inspections.

15. As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered bodily injuries, requiring medical treatment, and may require future medical treatment.

16. As a further direct and proximate cause of the Defendants' negligence, Plaintiff suffered interference with her daily life and impairment of her physical abilities, causing her a loss of enjoyment of life, which may extend into the future.

17. As a further direct and proximate cause of the Defendants' negligence, Plaintiff endured emotional distress and pain and suffering, which may extend into the future.

18. As a further direct and proximate cause of the Defendants' negligence, Plaintiff suffered the loss of her $500 deductible.

19. Defendants are liable for the injuries they proximately caused to the Plaintiff.

20. The Plaintiff is entitled to damages from the Defendants for her past and future losses.

WHEREFORE, Plaintiff RAMONA LOPEZ prays that judgment be entered in her favor and against Defendants DAVID CORDOVA and THE BUREAU OF LAND MANAGEMENT, UNITED STATES DEPARTMENT OF THE INTERIOR, in amounts to be proved at trial, together with prejudgment interest, an award of costs, and any other relief which the Court may deem appropriate.

    Respectfully submitted,

    HINKLE LAW OFFICES, P.C.

    *Electronically filed*
    */s/ Cloyd G. Hinkle*
    Cloyd G. Hinkle
    Warren F. Hire, II
    3939 San Pedro, N.E., Bldg. A
    Albuquerque, New Mexico 87110
    505/883-4357

    Attorneys for Plaintiff