IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMONA LOPEZ,

    Plaintiff,

vs.                                              No. 1:13-CV-00761-LFG-RHS

UNITED STATES OF AMERICA and
DAVID CORDOVA,

    Defendants.

## FIRST AMENDED COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

    Plaintiff RAMONA LOPEZ, by and through counsel, Hinkle Law Offices, P.C. (Cloyd G. Hinkle and Warren F. Hire, II), for her Complaint against the Defendants, states as follows:

    1.    Plaintiff brings this action seeking damages for personal injury caused by a motor vehicle accident occurring on September 5, 2012, in Sandoval County, State of New Mexico.

### PARTIES

    2.    Plaintiff Ramona Lopez is a resident of Sandoval County, State of New Mexico.

    3.    Defendant United States of America, through its agents, employees, and through the Bureau of Land Management, United States Department of the Interior, are all federal agencies.

    4.    Upon information and belief, at all times material hereto, Defendant David Cordova (hereinafter "Defendant Cordova"), was a resident of Sandoval County, State of New Mexico, and an employee of the Bureau of Land Management (hereinafter "BLM").

## FEDERAL COURT JURISDICTION UNDER THE
## FEDERAL TORT CLAIMS ACT

5. Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions fo the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b), 28 U.S.C. §2671 et seq., and 28 U.S.C. §1331. The FTCA vests the court with exclusive jurisdiction of Plaintiff's claims against Defendant United States of America for the negligent acts and omissions of its employees.

## FACTS

6. On September 5, 2012, at approximately 9:05 a.m., Plaintiff was driving her 2011 Chevrolet Malibu eastbound on U.S. Highway 550 in Sandoval County, State of New Mexico. She stopped for a red traffic signal at Hill Road.

7. At the same time and place, Defendant Cordova, driving a 2008 Ford F550 Super Duty truck hauling a flatbed trailer, belonging to the BLM, was also eastbound on U.S. Highway 550, directly behind the Plaintiff, when he alleges he stepped on the brakes but the BLM vehicle would not stop, and he rear ended the Plaintiff's vehicle.

8. Plaintiff suffered injuries in the accident.

## COUNT I
## NEGLIGENCE

9. Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

10. Defendant United States of America is legally responsible for the negligent actions of its employees, including Defendant Cordova, while employees are performing job duties for, or in furtherance of, the interests of the employer.

11. Defendant Cordova was an employee of the BLM at the time of the accident occurring on September 5, 2012.

12. Defendant Cordova had a duty to exercise reasonable care in the operation of the BLM vehicle. Defendant Cordova breached that duty.

13. Defendants further owed a duty of care to maintain and operate the BLM vehicle in a safe manner and in compliance with all safety rules, including statutes, rules and regulations governing the operation and maintenance of vehicles, upon New Mexico roadways.

14. Defendants breached their duty of care by maintaining and/or operating their vehicle in a manner that was negligent, including but not limited to:

    a. Following too closely;

    b. Failure to operate the vehicle in a safe and reasonable manner;

    c. Failing to exercise due care in the maintenance of the vehicle; and

    d. Failure to ensure that Defendant Cordova was knowledgeable and skilled in emergency maneuvers and vehicle inspections.

15. As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered bodily injuries, requiring medical treatment, and may require future medical treatment.

16. As a further direct and proximate cause of the Defendants' negligence, Plaintiff suffered interference with her daily life and impairment of her physical abilities, causing her a loss of enjoyment of life, which may extend into the future.

17. As a further direct and proximate cause of the Defendants' negligence, Plaintiff endured emotional distress and pain and suffering, which may extend into the future.

18. As a further direct and proximate cause of the Defendants' negligence, Plaintiff suffered the loss of her $500 deductible.

19. Defendants are liable for the injuries they proximately caused to the Plaintiff.

20. The Plaintiff is entitled to damages from the Defendants for her past and future losses.

WHEREFORE, Plaintiff RAMONA LOPEZ prays that judgment be entered in her favor and against Defendants UNITED STATES OF AMERICA and DAVID CORDOVA, in amounts to be proved at trial, together with prejudgment interest, an award of costs, and any other relief which the Court may deem appropriate.

Respectfully submitted,

HINKLE LAW OFFICES, P.C.

*Electronically filed*
*/s/ Cloyd G. Hinkle*
Cloyd G. Hinkle
Warren F. Hire, II
3939 San Pedro, N.E., Bldg. A
Albuquerque, New Mexico 87110
505/883-4357

Attorneys for Plaintiff